UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLENY MAXIMILIANO GUERRA,

Plaintiff,

v.

TODD BLANCHE, et al.,

Defendants.

Case No.  26-cv-07281-JD

**ORDER RE PRELIMINARY INJUNCTION**

Petitioner Marleny Maximiliano Guerra filed a petition for a writ of habeas corpus against respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; David Venturella, Acting Director of ICE;[1] Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General, all named in their official capacities.  Guerra also filed an application for a temporary restraining order for release from detention, Dkt. No. 2, which the Court granted, Dkt. No. 3.  The Court directed the government to show cause why a preliminary injunction should not issue, which the parties fully briefed, Dkt. Nos. 8, 12.  The parties' familiarity with the record is assumed, and a preliminary injunction is granted.

In our circuit, it is well established that a preliminary injunction may be issued where "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'"  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted).  Our circuit held after careful consideration that "the 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test."  *Id.* at 1131-32 (referencing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24

United States District Court
Northern District of California

---

[1] The petition erroneously names Todd Lyons, who was the previous acting director of ICE.  *See* Dkt. No. 1 at 5.

(2008)); *see also id.* at 1134 (affirming "the longstanding discretion of a district judge to preserve the *status quo* with provisional relief until the merits could be sorted out in cases where clear irreparable injury would otherwise result and at least 'serious questions' going to the merits are raised") (quoting *Save Strawberry Canyon v. Dep't of Energy*, No. C 08-03494 WHA, 2009 WL 1098888, at *1-3 (N.D. Cal. Apr. 22, 2009)).  Our circuit has continued to apply this test. *See, e.g., hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1191 (9th Cir. 2022) (finding that "hiQ has raised 'serious questions going to the merits'" and affirming the district court's grant of a preliminary injunction) (citation omitted); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177 (9th Cir. 2021) ("[T]he sliding scale test 'remains viable after the Supreme Court's decision in *Winter.*'") (citation omitted).

The salient facts are undisputed, and the government has not indicated that any material facts have changed since the TRO was granted.  Guerra has raised a serious legal question, and demonstrated a likelihood of success, with respect to the merits of whether she may be detained in the circumstances presented here, and has also made a sufficient showing on the other factors that the Court considers when granting a preliminary injunction.

The government's preliminary injunction brief did not present a good reason to depart from the Court's reasoning and discussion about the necessity of a pre-detention hearing, Dkt. No. 3 at 4, which is incorporated here.  The jurisdiction-stripping provision of the Immigration and Nationality Act, Section 1252(g), does not apply because Guerra challenges the manner in which she was re-detained, not the government's discretion to execute her removal order.  *See Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 487 (1999) (construing Section 1252(g) as a "discretion-protecting provision"); *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (same).

The government's primary contention is that detention is mandatory pursuant to 8 U.S.C. Section 1231(a), and so no additional pre-detention process may be due to Guerra.  It bases this argument on Section 1231(a)(2)(A), which states that, "during the removal period, the Attorney General shall detain the alien."  Section 1231(a)(1)(B) sets out the beginning of the period, the latest of:

(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The government says that Guerra's order of removal, Dkt. No. 8-2 at ECF p. 19, dated March 17, 2026, was administratively final the day it was signed, because it was issued in absentia. 8 CFR § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final [] (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order."). Assuming the government is correct, the removal period lasts 90 days, Section 1231(a)(1)(A), so it expired June 15, 2026. Guerra was detained July 15, 2026, after the removal period expired, so, even taking the government's own position at face value, Section 1231 cannot be the basis for her detention. Dkt. No. 1 ¶ 1.

Assuming re-detention is under the broader provisions of 8 U.S.C. Section 1226(a), the Court has granted temporary injunctive relief repeatedly in other cases like this one. *See, e.g., Cux Jocop v. Albarran*, No. 25-CV-09059-JD, 2025 WL 2988354, at *2 (N.D. Cal. Oct. 23, 2025). The statutory provisions of Section 1226(a) do not trump or otherwise displace the due process commands of the Fifth Amendment, as discussed in the order granting the TRO. *See* Dkt. No. 3 at 4.

Consequently, a preliminary injunction is granted. Respondents, their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, who have knowledge of this injunction, are enjoined from detaining petitioner Marleny Maximiliano Guerra without a pre-detention hearing before a neutral decisionmaker. If circumstances change materially, the government may request a modification of the injunction.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Guerra need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

The parties are directed to jointly propose by August 31, 2026, a briefing schedule on the petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: July 31, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California